UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WHITEHALL PRODUCTS LLC,
a Florida limited liability company

        Plaintiff,

v.                                      Case No.:

STUSA SUPPLY GROUP, LLC,
a Georgia limited liability company;
CHRIS LINCECUM; LUCAS PAYNE;
and GAVIN MCCLEARY,

        Defendants.
_____/

## COMPLAINT

Plaintiff, Whitehall Products LLC ("**Whitehall**"), sues Defendants, STUSA Supply Group, LLC; CHRIS LINCECUM ("**Lincecum**"); LUCAS PAYNE ("**Payne**"); and GAVIN MCCLEARY ("**McCleary**," and together with Lincecum and Payne, the "**Individual Defendants**"), and states as follows:

### JURISDICTION, PARTIES, AND VENUE

1. Whitehall is a Florida limited liability company doing business in Hillsborough County, Florida.

2. STUSA Supply Group, LLC is a Georgia limited liability company formed on September 2, 2020.

3. Lincecum is an individual residing in the State of Georgia.

4. Payne is an individual residing in the State of Georgia.

5. McCleary is an individual residing in the State of Georgia.

6. Prior to the formation of STUSA, the Individual Defendants were collectively doing business as "STUSA Supply," an unregistered trade name.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

8. This Court has personal jurisdiction over the Individual Defendants pursuant to Fla. Stat. § 48.193 because the Individual Defendants breached a contract in this state by failing to deliver the Nitrile Gloves required by the Agreement to be delivered in this state (each as defined below).

9. This Court also has personal jurisdiction over the Individual Defendants pursuant to Fla. Stat. § 48.193 because the Individual Defendants committed a tortious act within this state by fraudulently inducing Whitehall to enter into the Agreement in this state, as detailed herein.

10. This Court has personal jurisdiction over STUSA Supply Group, LLC because it breached a contract in this state by failing to deliver the Nitrile Gloves required by the Agreement and by the Additional Orders to be delivered in this state (each as defined below).

11. This Court also has personal jurisdiction over STUSA Supply Group, LLC pursuant to the terms of the Settlement Agreement between STUSA Supply Group, LLC and Whitehall providing that STUSA Supply Group, LLC consents to

the exclusive personal jurisdiction of a state or federal court sitting in Hillsborough County, Florida to adjudicate all legal actions or proceedings arising out of or relating to the Settlement Agreement.

12. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to the terms of the Settlement Agreement between STUSA Supply Group, LLC and Whitehall.

## FACTUAL ALLEGATIONS

13. Whitehall is a supplier of cleaning, maintenance, and facility supplies to commercial and governmental clients throughout the United States.

14. This case arises from STUSA Supply Group, LLC's and the Individual Defendants' failure to deliver a large commercial shipment of Superieur Medical Exam Grade Nitrile Gloves (the "Nitrile Gloves") to Whitehall, after receiving a total of $3,203,750 in payments from Whitehall on purchase orders for the Nitrile Gloves.

15. Following partial refunds paid to Whitehall and an initial payment under a Settlement Agreement entered into between Whitehall and STUSA Supply Group, LLC (discussed below), the Defendants continue to owe Whitehall $657,000 paid to STUSA for the Nitrile Gloves, exclusive of interest, costs, and attorneys' fees.

## I. STUSA's Receipt of Payment and Failure to Deliver the Nitrile Gloves

16. In or about August 2020, Whitehall and the Individual Defendants negotiated for the purchase and delivery of the Nitrile Gloves.

17. On or about August 31, 2020, the Individual Defendants d/b/a STUSA Supply sent Whitehall a written quote to deliver 350,000 boxes of Nitrile Gloves to Whitehall's location in Tampa, Florida, for a total cost of $2,800,000. A copy of the written quote is attached as **Exhibit 1**.

18. On August 31, 2020, Lincecum stated to Whitehall via email, copying Payne, that the Nitrile Gloves were readily available, required zero manufacturing/lead time, would ship in 3-5 business days, and would arrive in the Port of Miami approximately 26 days from shipment. A copy of the August 31, 2020 email is attached as **Exhibit 2**.

19. On September 2, 2020, Whitehall accepted the terms of the written quote and issued Purchase Order 15875 in the amount of $2,800,000 to the Individual Defendants d/b/a STUSA Supply for the Nitrile Gloves (the "**Agreement**"). A copy of Whitehall's Purchase Order 15875 is attached as **Exhibit 3**.

20. Also on September 2, 2020, STUSA Supply Group, LLC was formed.

21. Upon information and belief, STUSA Supply Group, LLC was formed by the Individual Defendants to continue the "STUSA Supply" business (hereinafter, collectively with the Individual Defendants d/b/a STUSA Supply, "**STUSA**").

22. On September 3, 2020, Whitehall paid STUSA a deposit under the Agreement in the amount of $897,750.

23. Also on September 3, 2020, Whitehall sent three additional purchase orders to STUSA for Nitrile Gloves in the total amount of $772,500 (the "**Additional Orders**"). Copies of the Additional Orders are attached as **Composite Exhibit 4**.

24. On September 4, 2020, Whitehall paid STUSA a $386,250 deposit for the Additional Orders.

25. Pursuant to the Agreement, Whitehall was not obligated to pay the balance of the purchase price until completion of an inspection and verification of the Nitrile Gloves in Vietnam by a third party inspection service, SGS S.A. ("**SGS**"), with shipment commencing immediately thereafter.

26. After entering into the Agreement and placing the Additional Orders, STUSA was unable to procure an SGS inspection report for the Nitrile Gloves, and could not so much as provide documentation to Whitehall that the Nitrile Gloves existed or were available to STUSA at all.

27. STUSA repeatedly failed to respond to Whitehall's requests for "proof of life" with respect to the Nitrile Gloves.

28. Notwithstanding, Whitehall continued to work with STUSA to attempt to successfully fill the Nitrile Gloves order pursuant to the Agreement and the Additional Orders.

29. On September 14, 2020, Whitehall transferred $1,977,500 to STUSA following STUSA's representations that its own supplier required "proof of funds" prior to the SGS inspection in order to obtain shipment, for a total of $3,203,750 paid to STUSA as of that date.

30. On September 15, 2020, STUSA provided an SGS report to Whitehall.

31. Whitehall was skeptical of the SGS report provided by STUSA, and SGS later confirmed that the report was fraudulent (discussed below).

32. On September 16, 2020, as a consequence of STUSA's failure to perform, Whitehall's own end-customer for the Nitrile Gloves under the initial Agreement (and not the Additional Orders) cancelled its order with Whitehall.

33. Also on September 16, 2020, Whitehall emailed STUSA, cancelling the Agreement and requesting a refund of its $2,817,500 paid to STUSA under the Agreement (excluding the Additional Orders), so that Whitehall could refund the amounts paid to it by its own customer.

34. Thereafter, in response to STUSA's repeated representations that it could obtain a replacement shipment for the Nitrile Gloves of equivalent amount and quality, and in an attempt to salvage its investment, Whitehall continued to work with STUSA.

35. On September 22, 2020, Whitehall submitted a request for validation of the SGS report through SGS's website.

36. On September 23, 2020, STUSA sent Whitehall a Booking Receipt Notice from Ocean Network Express (Vietnam) Co., Ltd., which STUSA represented provided for 14 containers of reserved shipping capacity that it intended to use to ship a full replacement Nitrile Gloves order to Whitehall. A copy of the Booking Receipt Notice is attached as **Exhibit 5**.

37. The Booking Receipt Notice provided for a cargo cut-off date of October 5, 2020, with an estimated date of departure for the vessel of October 6, 2020 to October 8, 2020.

38. On September 24, 2020, SGS responded to Whitehall's request for validation of the SGS report, stating that the report provided by STUSA was "an unauthorized reproduction of an SGS document" and "thus of no value whatsoever and we advise you to not rely on it for any purpose."

39. Also on September 24, 2020, Whitehall and STUSA held a conference call in which STUSA committed to securing a full replacement Nitrile Gloves order, to ship from Vietnam in accordance with the shipping timeline provided by the Booking Receipt Notice.

40. STUSA stated that to the extent it failed to perform, Whitehall would be entitled to a "100% refund," in addition to a 2% non-performance penalty.

41. Whitehall confirmed these terms with STUSA the same day via email.

42. On September 30, 2020, STUSA returned only $1,977,500 to Whitehall in response to Whitehall's request to refund the $2,817,500 paid under the initial Agreement.

43. As a result of STUSA's repeated failures to deliver, Whitehall arranged for a contact in Vietnam to inspect and confirm the existence and progress of the replacement order in the relevant factory in Vietnam.

44. On September 25, 2020, STUSA confirmed that Whitehall's contact was approved to conduct such inspections, stating "we have been given approvals for STUSA/ Whitehall verifying person to have access as requested."

45. As of October 5, 2020, the cut-off date for cargo pursuant to the Booking Receipt Notice, Whitehall's contact had yet to be provided access to the factory in Vietnam for inspection, and had yet to be given a firm date in which he could do so, much less confirmed that the replacement Nitrile Gloves had been loaded for shipment by the cut-off date for STUSA to meet its latest deadline.

46. Accordingly, on October 5, 2020, Whitehall emailed STUSA, cancelling all existing orders and requesting a refund in full of all remaining amounts paid by Whitehall not yet refunded, which was $1,226,250 as of that date.

**II. Whitehall's Demand Letter, the Settlement Agreement, and Default**

47. On October 22, 2020, Whitehall sent a demand letter to STUSA, demanding payment in full in the amount of $1,250,755 within five (5) days of the date thereof. A copy of the October 22, 2020 demand letter is attached as **Exhibit 6**.

48. Following STUSA's receipt of Whitehall's demand letter, the parties continued to negotiate an amicable resolution to this matter.

49. On December 17, 2020, Whitehall and STUSA Supply Group, LLC entered into a Confidential Settlement Agreement & Mutual Release (the "**Settlement Agreement**"). A copy of the Settlement Agreement is attached as **Exhibit 7**.

50. Whitehall never entered into any Settlement Agreement or otherwise resolved this matter with the Individual Defendants.

51. The Settlement Agreement provides, in part, as follows:

   a. STUSA Supply Group, LLC shall pay Whitehall the total sum of $897,750 (the "**Settlement Payment**"), on the following payment schedule:

      i. $569,250 within forty-eight (48) hours of execution, and

      ii. Beginning on March 1, 2021, an additional $328,500 in equal monthly installments of $27,375 over the next twelve (12) months;

   b. Effective upon payment in full of the total $897,750 Settlement Payment, Whitehall and STUSA shall mutually release each other from any and all claims, as set forth more specifically in the Settlement Agreement;

   c. In the Event of Default by STUSA Supply Group, LLC, it shall immediately become liable to Whitehall in the amount of $1,250,755, representing the total amount owed to Whitehall, less any payments made.

52. STUSA Supply Group, LLC paid the initial $569,250 payment to Whitehall under the Settlement Agreement.

53. On or about March 1, 2021, Whitehall granted a 60-day extension for payment of the first $27,375 monthly settlement payment.

54. STUSA Supply Group, LLC failed to make any additional payments to Whitehall under the Settlement Agreement.

55. STUSA continues to owe $657,000 to Whitehall under the Agreement and Additional Orders, after accounting for all partial refunds and the initial Settlement Payment, summarized as follows:

| Date | Amount | Description | Running Total |
|---|---|---|---|
| 9/3/2020 | $897,750 | Deposit to STUSA (initial Agreement) | $897,750 |
| 9/4/2020 | $386,250 | Deposit to STUSA (Additional Orders) | $1,284,000 |
| 9/14/2020 | $1,919,750 | Balance to STUSA (initial Agreement) | $3,203,750 |
| 9/30/2020 | ($1,977,500) | Partial Refund to Whitehall | $1,226,250 |
| 12/18/2020 | ($569,250) | Initial Settlement Payment to Whitehall | **$657,000** |

56. All conditions precedent to this action have occurred, have been performed or have been waived.

57. Plaintiff has retained Shumaker, Loop & Kendrick, LLP to represent it in this action, and is obligated to pay its attorneys a reasonable fee for their services.

58. Section 12 of the Settlement Agreement provides that should any party be required to take legal action to enforce the terms thereof, the prevailing party shall be entitled to recover their reasonable attorneys' fees and costs incurred in such action.

## COUNT I
## Breach of the Agreement – All Defendants

59. Whitehall incorporates the allegations of paragraphs 1 through 58 above as if set forth herein.

60. This is an action for breach of contract against STUSA Supply Group, LLC, Lincecum, Payne, and McCleary.

61. The Agreement constituted a contract between Whitehall and the Individual Defendants.

62. STUSA Supply Group, LLC was formed for the purpose of continuing the Individual Defendants' "STUSA Supply" business.

63. The Additional Orders supplemented the Agreement and constituted contracts between Whitehall, STUSA Supply Group, LLC, and the Individual Defendants.

64. The Individual Defendants and STUSA Supply Group, LLC totally failed to perform under the Agreement and the Additional Orders by failing to deliver any Nitrile Gloves to Whitehall, despite accepting payment by Whitehall under the Agreement.

65. Whitehall was damaged as a result of the Defendants' failure to deliver, including but not limited to by virtue of its loss of funds and damage to its own end-user customer relationships.

66. STUSA Supply Group, LLC did not receive any release from Whitehall under the Settlement Agreement, because it failed to pay the Settlement Payment in full.

WHEREFORE, Plaintiff, Whitehall Products, LLC, demands judgment against Defendants, STUSA Supply Group, LLC, Lincecum, Payne, and McCleary for damages, including prejudgment interest, costs, and all other legal and equitable relief this Court deems appropriate under the circumstances.

## COUNT II
**Breach of the Settlement Agreement – STUSA Supply Group, LLC**

67. Whitehall incorporates the allegations of paragraphs 1 through 58 above as if set forth herein.

68. This is an action for breach of contract against STUSA Supply Group, LLC.

69. The Settlement Agreement constituted a contract between Whitehall and STUSA Supply Group, LLC.

70. STUSA Supply Group, LLC defaulted on the Settlement Agreement by failing to pay the Settlement Payment in full. Specifically, STUSA Supply Group, LLC failed to pay any of the monthly installment payments totaling $328,500 following its initial payment of $569,250 under the Settlement Agreement.

71. On June 3, 2021, Whitehall sent a notice of default to STUSA Supply Group, LLC under the Settlement Agreement, and STUSA Supply Group, LLC failed to cure its default, constituting an Event of Default under the Settlement Agreement.

72. Section 4 of the Settlement Agreement provides that in the event of an Event of Default thereunder, STUSA Supply Group, LLC shall, without further notice or demand, become immediately liable to Whitehall in the amount of $1,250,755, less any monies paid by STUSA.

73. STUSA did not make any payments to Whitehall following its initial $569,250 payment under the Settlement Agreement.

WHEREFORE, Plaintiff, Whitehall Products, LLC, demands judgment against Defendant, STUSA Supply Group, LLC, for damages, including prejudgment interest, costs, attorneys' fees, and all other legal and equitable relief this Court deems appropriate under the circumstances.

## COUNT III
### Fraud in the Inducement – Lincecum and Payne

74. Whitehall incorporates the allegations of paragraphs 1 through 58 above as if set forth herein.

75. This is an action for fraud in the inducement against Lincecum and Payne.

76. Lincecum and Payne's statements that the Nitrile Gloves were readily available, required zero manufacturing/lead time, would ship in 3-5 business days, and would arrive in the Port of Miami approximately 26 days from shipment were false statements concerning material facts.

77. Lincecum and Payne knew that these statements were false at the time the statements were made.

78. Lincecum and Payne intended that these false statements would induce Whitehall to act on them in entering into the Agreement.

79. Whitehall was damaged as a result of acting on these false statements by entering into the Agreement and the Additional Orders on which STUSA could not perform, despite accepting payment from Whitehall, including but not limited to by virtue of Whitehall's loss of funds and damage to its own end-user customer relationships.

WHEREFORE, Plaintiff, Whitehall Products, LLC, demands judgment against Defendants, Lincecum and Payne for damages, including prejudgment interest, costs, and all other legal and equitable relief this Court deems appropriate under the circumstances.

Respectfully submitted,

Dated: June 25, 2021     **SHUMAKER, LOOP & KENDRICK, LLP**

By: <u>*/s/ Thomas F. McDonnell, Jr.*</u>
JAIME AUSTRICH, ESQ.
Florida Bar No. 84565
jaustrich@shumaker.com
dgregory@shumaker.com
THOMAS F. McDONNELL, JR., ESQ.
Florida Bar No. 85776
tmcdonnell@shumaker.com
dmazzarella@shumaker.com
101 East Kennedy Boulevard - Suite 2800
Tampa, Florida 33602
PH: (813) 229-7600
FAX: (813) 229-1660
*Counsel for Whitehall Products LLC*